# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

LOUIS REED, JR.,                    )
                                    )
    Plaintiff,                  )
                                    )
v.                                  )          CV425-246
                                    )
SOCIAL SECURITY                     )
ADMINISTRATION OF THE               )
UNITED STATES,                      )
                                    )
    Defendant.                  )

## <u>ORDER</u>

Plaintiff Louis Reed, Jr. filed a Complaint seeking judicial review of a decision of the Commissioner of the Social Security Administration related to his benefit payments. *See* doc. 1 at 2-3. Defendant filed a Motion to Dismiss. Doc. 16. Plaintiff responded, doc. 17, and filed a flurry of other documents and motions, docs. 19, 21, & 22. For the reasons explained below, this Court lacks subject matter jurisdiction over Plaintiff's claims, and his Complaint must be dismissed. Plaintiff's remaining motions are, therefore, moot. Docs. 11, 15, 19 & 21.

## Background

Reed previously pleaded guilty to one count of theft of government funds in violation of 18 U.S.C. § 641 and two counts of false statements in violation of 18 U.S.C. § 1001 in the United States District Court for the Northern District of Florida.  *See United States v. Reed*, 5:14-cr-017, doc. 23 at 1 (N.D. Fla. Jan. 21, 2015) (Judgment).[1]  In addition to a custodial sentence and period of supervised release, he was ordered to pay restitution in the amount of $59,255.90 to the Social Security Administration.  *Id.* at 2-7.  In this case, Reed appears to challenge the percentage of his current Social Security benefits the Defendant is withholding in payment of his outstanding restitution.  *See, e.g.*, doc. 1 at 3; doc. 17 at 2-4; doc. 15 at 2-3.

Plaintiff's Complaint is, charitably, opaque.  *See generally* doc. 1. He indicated, by checking a box on the form complaint, that he seeks review of a decision regarding Disability Insurance Benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g).  *Id.* at 2.  He

---

[1]  "[A] court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."  United States v. Jones, 29 F.3d 1549, 1553 (11th Cir.1994).  The Court does so here.

alleges that Defendant Social Security Administration was originally withholding "10-15% each month out of his monthly disability checks and retirement checks," but is now applying "100% withholding."   *Id.* at 3. He contends the Defendant has "applied new laws that [were] not in effect at the time of [his] restitution order, conviction and sentence," and that the application of the "new laws" to "garnish" his entire social security income is unconstitutional.   *Id.*   In response, the Defendant argues this Court lacks subject matter jurisdiction over Plaintiff's claims. *See generally* doc. 16.

### Legal Standard

Federal courts are courts of limited jurisdiction, and "only possess that power authorized by the Constitution and by statute."   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).   Plaintiff bears the burden of demonstrating this Court's jurisdiction, and the Court must presume a case lies outside of its jurisdiction unless the plaintiff shows that there is some basis for jurisdiction.   *See id.*   "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   Fed. R. Civ. P 12(h)(3).

3

Defendant moves to dismiss Reed's Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing it has not waived its sovereign immunity. *See* doc. 16 at 5-9. Motions pursuant to Rule 12(b)(1) take one of two forms: a "facial attack" on subject matter jurisdiction based on the complaint's allegations taken as true or a "factual attack" based on evidentiary matters outside the pleadings. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In the "factual attack" context, a court considers whether subject matter jurisdiction tangibly exists in fact, irrespective of the complaint's allegations. *Id.* When faced with such a challenge to subject matter jurisdiction, a plaintiff has the burden to prove facts which show jurisdiction exists over his claims. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). To resolve a factual attack, a court "may consider extrinsic evidence such as testimony and affidavits," rather than being constrained to the allegations in the complaint. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003) (citation omitted). Courts are "free to weigh the facts," subject to clearly erroneous review, without viewing them in the light most favorable to the plaintiffs.

4

*Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

As a sovereign entity, the Government is immune from suit unless it expressly consents and waives its sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994)). "Once a waiver of sovereign immunity is recognized, it still 'must be strictly construed in favor of the United States' and 'not enlarged beyond what the language of the statute requires.' " *Smith v. United States*, 14 F.4th 1228, 1231 (11th Cir. 2021) (quoting *United States v. Idaho ex. rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 7 (1993)). Assertions of sovereign immunity are "jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). As the Supreme Court has stated: "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

## Analysis

Reed does not contest the existence of the Northern District of Florida's Order directing him to pay restitution to the Defendant. *See generally* doc. 1. Instead, he contests the amount that the Defendant has decided to withhold from his monthly benefits. *Id.* Therefore, the Court must determine whether it has jurisdiction to review the Defendant's decision to withhold the entirety of Reed's monthly benefits to recover its judicially determined overpayment.

Federal courts have limited jurisdiction to hear appeals of Social Security Administration decisions and may only do so where the Commissioner of Social Security makes a final decision. 42 U.S.C. §°405(g). A decision is not final unless: (1) the agency makes an initial determination; (2) the claimant asks that the agency reconsider the initial determination; (3) the claimant requests a hearing before an administrative law judge; and (4) the claimant requests that the Appeals Council review the administrative law judge's decision. *See* 20 C.F.R. §°404.900(a)(1)-(5).

Reed's claim fails on the first step because the Defendant's withholding decision is not enumerated as an "initial determination" in

the agency's governing regulations.  20 C.F.R. § 404.902; *see Taylor v. Soc. Sec.*, 2013 WL 1098145, at *4 (E.D. Va. Feb. 4, 2013) (holding that court lacked jurisdiction to review SSA decision to withhold 100% of monthly benefits), *adopted*, 2013 WL 1098103 (E.D. Va. Mar. 14, 2013), *aff'd,* 528 F. App'x 375 (4th Cir. 2013) (per curiam).  The amount that the Defendant chooses to withhold to recover overpayment is not listed as an "initial determination" in the regulation.  *Taylor*, 2013 WL 1098145, at *4.  "Thus, while it involves agency action, it is not an initial determination by the Commissioner subject to administrative or judicial review."  *See Cooper v. Saul*, 2019 WL 4024790, at *3 (E.D. Va. July 16, 2019).

Much like in *Cooper*, *see* 2019 WL 4024790, at *3-*4, even if Reed could show that the Defendant's withholding decision qualifies as an "initial determination," he has failed to even allege that he exhausted his administrative remedies as required by the regulations.  *See generally* doc. 1.  Instead, he argues in response to Defendant's Motion in conclusory fashion and without citation to any authority "that the agency's actions constitute a de facto final decision," or, alternatively, "that exhaustion of administrative remedies should be waived."  Doc. 17

at 7. Neither of these assertions is sufficient to carry Plaintiff's burden of demonstrating this Court's ability to exercise jurisdiction over his Complaint. Therefore, it must be dismissed.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, in part. Doc. 16, in part. This case is **DISMISSED** for lack of jurisdiction. The remainder of Defendant's arguments for dismissal are **DISMISSED AS MOOT**. Doc. 16, in part. Plaintiff's Complaint is **DISMISSED**. Doc. 1. Plaintiff's motions are all **DISMISSED AS MOOT**. Docs. 11, 15, 19, 21.

**SO ORDERED,** this 29th day of April, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA